IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL D. STRINGER,                                    Civ. No. 06-1357-AA
                                                     OPINION AND ORDER
          Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

_____Defendant.
_____

H. Peter Evans
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223
     Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neal Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

Plaintiff Paul D. Stringer brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income payments (SSI) under Title XVI of the Social Security Act, and for disability insurance, under Title II of the Act.  42 U.S.C. §§ 405(g), 1383(c)(3).  The Commissioner's decision is reversed and remanded for payment of benefits, and this case is dismissed.

**PROCEDURAL BACKGROUND**

On October 20, 2002, plaintiff protectively filed applications for Title II and Title XVI disability benefits.  Tr. 88-90.  He alleged disability beginning April 29, 2001, due to psoriatic arthritis, neuropathy, diabetes, a "crippled left foot and severe pain due to arthritis," and alcoholism.  Tr. 169. These applications were denied initially, tr. 33-35, and on reconsideration.  Tr. 39-41.  An Administrative Law Judge (ALJ) held a hearing on December 3, 2004.  Tr. 532-566.  Based on the facts elicited at the hearing establishing that plaintiff worked after his onset date, plaintiff amended this date to October 2004.  Tr. 84.  On September 16, 2005, the ALJ found plaintiff disabled, but also found that his alcoholism was a contributing factor material to the determination of disability.  Tr. 18-19, 24, Findings 6-9.  Therefore, the ALJ found plaintiff not disabled as he retained the residual functional capacity (RFC),

exclusive of alcohol use, to return to his prior job as a telephone sales clerk.  Tr. 23-24, Findings 6-9.

On February 28, 2006, the Appeals Council declined plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purpose of judicial review.  Tr. 7-9.  20 C.F.R. § 422.210.

### FACTS

Plaintiff was 47 years old at the time of the ALJ's decision, has a college degree, and attended professional golfer's trade school. Tr. 175.  He had past relevant work as a golf professional, golf course customer service representative, golf attendant, and telephone sales clerk.  Tr. 23, 537, 562-63.

### STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity."  Id.; see 20 C.F.R.

§§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can work, she is not disabled.  If she cannot perform past relevant work, the burden shifts to the Secretary.  In step five, the Secretary must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

Also relevant to these facts are the drug addiction and alcoholism amendments.  Where, as here, plaintiff has been found disabled and there is medical evidence of a substance abuse disorder (drug addiction or alcoholism, "DAA"), the ALJ must determine the materiality of plaintiff's DAA to the finding of disability.  The ALJ must perform the sequential evaluation process a second time, separating out the impact of plaintiff's DAA, to determine if he would still be found disabled if he stopped using drugs or alcohol.  Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001).

In other words, under the implementing regulations, the ALJ
must conduct a drug abuse and alcoholism analysis by determining
which of plaintiff's disabling limitations would remain if
plaintiff stopped using drugs or alcohol.  20 C.F.R. §§
404.1535(b), 416.935(b).  If the remaining limitations would
still be disabling, then plaintiff's drug addiction or alcoholism
is not a contributing factor material to his disability.  If the
remaining limitations would not be disabling, then plaintiff's
substance abuse is material and benefits must be denied.  Id.

**The ALJ's Findings**

At step one, the ALJ found that plaintiff did not engage in
substantial gainful activity after his alleged amended onset date
of October 2004.  Tr. 19, 24, Finding 2.  See 20 C.F.R. §§
404.1520(b), 416.920(b).  This finding is not in dispute.  At
step two, the ALJ found that plaintiff's severe impairments
included psoriasis, psoriatic arthritis, diabetes mellitus, and
alcohol dependency.  Tr. 20, 24, Finding 3.  See 20 C.F.R. §§
404.1520(c), 416.920(c).  This finding is not in dispute.

At step three, the ALJ found that plaintiff's alcoholism met
the "C" criteria of § 12.04 of the listings, such that plaintiff
was under a disability as defined in the Act.  Tr. 21, 24,
Finding 4.  See 20 C.F.R. §§ 404.1529(a)(4)(iii), 404.1520(d),
416.920(a)(4)(iii), 416.920(d).  The ALJ then found, however,
that if plaintiff stopped using alcohol, he would not have an

impairment(s) that meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. Tr. 23, Finding 4. This finding is in dispute.

The ALJ next determined that, without considering plaintiff's alcohol dependancy, he had the residual functional capacity (RFC) to: walk four blocks, stand 30 minutes, sit one hour, and lift 20 pounds occasionally and 10 pounds frequently. Tr. 23, 24, Finding 6. Plaintiff also retained the capacity to hold a pen and write, climb a few stairs, but was mildly impaired in his ability to focus due to pain. Id. These findings are in dispute.

At step four, the ALJ found that, exclusive of alcohol use, plaintiff could return to his past relevant work as a telephone sales clerk. Tr. 23-24, Finding 7. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 419.920(f). This finding is in dispute. For this reason, the ALJ found plaintiff not entitled to disability benefits under Title II or Title XVI. Tr. 24.

## DISCUSSION

Plaintiff asserts that the ALJ erred by: (1) failing to consider consistent medical opinions documenting plaintiff's low stress tolerance resulting in decompensation; and (2) finding that plaintiff lacks a "severe" mental impairment.

///

A. PLAINTIFF'S LOW STRESS TOLERANCE

Plaintiff argues that the ALJ erred by ignoring certain mental and physical limitations identified by the non-examining State agency physicians and consultative examiners. Specifically, consultative and non-examining doctors agree that stress causes plaintiff to decompensate such that he would be unable to sustain employment.  Dr. Hennings, a DDS psychologist, after considering plaintiff's record made the following "medical conclusion:" "[c]laimant meets listing 12.04.C.2 through 12.09 [substance addiction disorders] with DA/A material.  Minus alcohol, claimant's mental condition would be non-severe."  Tr. 407.  Dr. Hennings found that plaintiff suffers from: "A residual disease process that has resulted in such a marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate."  Tr. 406.

Dr. Wong-Ngan, a clinical psychologist who performed a "comprehensive psychological evaluation" on plaintiff in November 2001, found that plaintiff "does not appear capable of sustaining normal gainful employment at this time.  He is still quite fragile.  His risk for alcohol relapse is high.  Major stress could likely trigger such a relapse."  Tr. 350.  Dr. Wong-Ngun goes on to state:

> [r]egarding social security disability criteria,
> he appears moderately impaired in ADLs.  Social

functioning appears moderately impaired.  Concentration,
persistence, and pace are probably mildly impaired,
although this is an assumption based on his extensive
alcoholism and recent sobriety.  Mental status is
actually normal, although this is a gross measurement.
He has had decompensations in the workplace due to
alcoholism, not necessarily other psychiatric conditions.

Id.

Further, Dr. Duckler, the medical expert at the ALJ hearing,

testified as follows:

But he made [12.04]C - and I just want to read C to you,
Your Honor.  It says - C, in the listing says that it's a
medically documented history of chronic affective disorder
of at least two years duration and caused more than a
minimal limitation of ability to do basic work activities,
with signs and symptoms currently attenuated by either
medication or a psychosocial support in that he's not
working.  And he comes under two.  It's a residual
disease process that has resulted in such marginal
adjustments that even if a mental - increase in mental
demands or a change in environment could be predicted
to cause him to decompensate, going to alcohol.  You
know, to - and he sustained this listing with a
psychologist who writes that he does not appear
to be capable of sustaining normal employment.  He's
a fragile individual and he's of great risk for
alcoholic relapses, and they're high and stress will
probably trigger the relapses.  So to achieve this
listing, you have to translate the substance
addiction disorder to depression, to C and then to
two.  The [inaudible] weakness in the argument, Your
Honor.  And one, he hasn't been hospitalized for any
psychiatric disorder, and two, he hasn't had any
manic manifestations of it.  But the way they see the
clinical picture is that he's got a severe case of
alcoholism and he can't control it.  And changing his
environment, in most cases, takes you off into a
relapse and so therefore, he's not employable.

ALJ: . . . [Y]ou've given me a kind of a thing here under
C of the listings.  It appears that he's not - the course
of history as reflected in these documents indicate that
he's not been able to function on an upright basis over
any length of period of time.  That is as far as holding

a job goes.

Dr. Duckler: That's correct, Your Honor.  You see their
interpretation of his disease, alcoholism, is that he's
thrown into a relapse any time has an element of either
stress or of mental changes or of intellectual challenges.
So every time he goes to work his disease handicaps him
in that he comes to a relapse.

ALJ: Well, if he's subject to that hazard at risk for
relapsing under any source of stress then than that means
- one could argue, anyway, I suppose, that even at the
time if he was clean and sober, but he ran into a stressful
situation, it would throw him back into drink.

Dr. Duckler: Yes, Your Honor, that's true.

ALJ: He'd be disabled.  Weird thing. Weird.

Tr. 560-61.

The colloquy quoted above seems to indicate that at least

Dr. Duckler, and perhaps even the ALJ, acknowledged that the C(2)

criteria of listing section 12.04 is met because any increased

mental demands or a change in environment would cause plaintiff

to decompensate and return to alcohol.

Finally, the vocational expert agreed that plaintiff's low

tolerance for stress resulting in a relapse would prevent

sustained employment.  Tr. 561-65.

Defendant asserts that plaintiff fails to offer any "medical

evidence or clinical findings that he is disabled due to stress

or that his alleged low stress tolerance is a medically

determinable severe impairment on its own that limits him absent

his alcohol abuse."  Defendant's Brief, p. 10.  Plaintiff,

however, contends that he is not arguing that low stress

tolerance is an impairment, instead he points out that Dr. Wong-Ngan diagnosed plaintiff with an Adjustment Disorder "with Depressive and Anxious symptoms." Tr. 350, 419. Specifically, in November 2001, after a thorough clinical psychological exam, including a full battery of tests, Dr. Wong-Ngan concluded that plaintiff's "symptoms appear most consistent with a diagnosis of Adjustment Disorder with Depressive and Anxious symptoms." Tr. 350. Dr. Wong-Ngan examined plaintiff again in March 2003, and reaffirmed her initial diagnosis. The nonexamining State agency physicians translated this into an Affective Disorder under listing § 12.04, but found the impairment "not severe" without citing any supporting documentation or addressing plaintiff's low stress tolerance. Tr. 428-441.

The court notes that the test for a "severe" impairment is whether the impairment has more than a "minimal effect" upon plaintiff's ability to perform work functions. SSR 96-3p. The ALJ noted that Dr. Wong-Ngan found plaintiff "not significantly impaired by any mood disorder or cognitive disorder." Tr. 20, 22, 23. However, as noted above, the test for severity is "more than a minimal effect," and not as the ALJ stated, "significantly impaired." Here, the ALJ erred in failing to find a "severe" affective disorder with an inability to deal with stress as found by Dr. Wong-Ngan, Dr. Duckler, and the DDS physician. Tr. 350, 559, 406 (respectively). The DDS physician found that: "A

residual disease process that has resulted in such a marginal
adjustment that even a minimal increase in mental demands or
change in the environment would be predicted to cause the
individual decompensate." Tr. 406. Dr. Wong-Ngan similarly
found that plaintiff "does not appear capable of sustaining
normal gainful employment at this time. His risk for alcohol
relapse is high. Major stress would likely trigger such a
relapse." Tr. 350. Dr. Duckler, who testified as a medical
expert at the ALJ hearing, similarly acknowledged that the "C(2)
criteria of listing section 12.04 is met because increased mental
demands or a change in environment would cause [plaintiff] to
decompensate and return to alcohol." Tr. 559. Notably, the VE
testified that a low stress tolerance that could result in a
relapse would prevent sustained employment. Tr. 564. See also,
20 C.F.R. § 416.945 ("mental abilities [required to work] include
those necessary to remember and execute instructions, respond
appropriately to supervisors and coworkers and respond
appropriately to work pressures in a work setting.")(emphasis
added); SSR 85-15 ("...[a]ny impairment-related limitations
created by an individual's response to demands of work, however,
must be reflected in the RFC assessment."). Such opinions render
plaintiff's alcohol abuse not material to a finding of
disability. The ALJ erred by failing to find a "severe"
affective disorder marked by an inability to deal with stress as

found by various physicians.  Moreover, the ALJ failed to articulate either "clear and convincing" or "specific and legitimate" reasons to reject the opinions of the nonexamining and examining physicians.  See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996); SSR 96-8p (ALJ must review medical opinions when conducting an RFC assessment and "must explain why the opinion was not adopted"); Reddick v. Chater, 157 F.3d 715 (9th Cir. 1998)(Commissioner must assess weight to be afforded to each opinion and cannot ignore a treating physician's disability opinion).

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits.  This case is dismissed.

IT IS SO ORDERED.

Dated this  26  day of June 2007.


        /s/ Ann Aiken
          Ann Aiken
    United States District Judge